HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. W. O. DAVIS.

No. 1294.

**1. Notice of Injury to Freight—Statute Construed.**

Under sec. 2, chap. 17, Acts 22 Leg., p. 20, a provision in a freight contract for carriage of live stock over several connected lines of railroad, requiring notice of claim of damages to be made "before the stock is removed from the station," is void. The statute forbids any contract requiring notice of claim within less than ninety days.

**2. Interstate Freight Contract.**

Contract for carrying live stock from Burnet County, Texas, obliging the railway to carry the stock "from the station where this contract is executed to Houston, Texas, and only to carry to said end of its line, is not an interstate contract, although the freight is consigned and way-billed to a town in Georgia, and the freight contract stipulates for protection of the through rate named therein. Such contract is subject to the statutes of this State.

**3. Reasonable Notice.**

Such stipulation, for notice of claim for the full amount of such loss and damages at end of each connecting line on the shipping route, before the stock shall be transferred to the connecting line, is prima facie unreasonable and could not affect even an interstate shipment.

**4. Measure of Damages.**

A freight contract stipulating that the value of the horses at place of shipment shall be the basis for the measure of damages (in case of loss) is inoperative when the loss is from negligence of the carrier. So also of a stipulation excepting loss from fire.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

*O. T. Holt*, for appellant.—1. Where there was an agent at the place of the accident, who was known to the shipper, he should have notified said agent of the damage to his horses, caused by the fire, before said horses left or were removed from said station.

2. The validity of a contract for notice of a claim for damages depends upon the circumstances of each particular case. Railway v. Childress, 1 Texas Civ. App., 306. Whether notice is reasonable is a question for jury. Ib.

3. A provision in a contract of shipment which provides for notice of a claim for damages, will not be enforced unless the carrier, by pleading

and proof, shows it to be reasonable. 82 Texas, 111; 3 Texas Civ. App., 366.

4. The appellant had a right to exempt itself from liability caused by fire. Railway v. Sherwood, 84 Texas, 126.

5. It was agreed and understood that in case the horses were injured, their value at the place of shipment should control, and not the place of destination.

6. A common carrier, unless made liable by statute, may exempt itself from liability for loss by fire, unless caused by the negligence of said carrier. Railway v. Sherwood, 84 Texas, 132; Lancaster Mills v. Storage Co., 14 S. W. Rep., 317. The limitations in said contract are reasonable: Railway v. Harris, 67 Texas, 166; 3 Wall., 107; 21 Wall., 264; Hart v. Railway, 112 U. S., 338.

*R. H. Ward* and *R. E. Crawford*, for appellee.—1. The court did not err in sustaining appellee's demurrer and special exceptions to appellant's trial amendment, because said trial amendment set up a contract that was unreasonable and void and contrary to public policy; said written contract did not upon its face require notice to be given as alleged in the trial amendment; and because the written contract did not state the name of the agent upon whom notice should be served before bringing suit; and because said trial amendment is disjointed, disconnected and unintelligible. Railway v. Harris, 67 Texas, 169; Railway v. Fagan, 72 Texas, 132; Railway v. Greathouse, 82 Texas, 111; Railway v. Williams, 25 S. W. Rep., 1019; Railway v. Short, 25 S. W. Rep., 142.

2. The stipulation in the written contract, that in case of any proceeding in court to recover damages upon the shipment the actual cash value at the time and place of shipment, and not the place of destination, shall control the court and jury in estimating the amount which may be due the shipper, is contrary to public policy and null and void; the court therefore did not err in permitting the witness Russell to state the value of the horses at Willacootchie, Ga. Railway v. Fagan, 72 Texas, 129; Railway v. Maddox, 75 Texas, 307; Railway v. Edwards, 78 Texas, 311; Railway v. Ball, 80 Texas, 603; Railway v. Wynn, 14 S. W. Rep., 311. This case is also reported in Vol. 3, Am. Railroad and Corporation Reports, 13. This case elaborately discusses the question. Railway v. Weiller, 134 Penn. Stat., 310; also reported in 19 Atl. Rep., 702. Bochl v. Railway, 44 Minn., 191; Express Co. v. Seide, 67 Miss., 609; also reported in 7 So. Rep., 547.

3. The second clause of the contract of shipment, relied on by appellant, is an unreasonable limitation of its common law liability and contrary to public policy, and therefore null and void. It is as follows: "That he does accept for the transportation of said stock the cars tendered him by the party of the first part, and agrees that they are in all things satisfactory to him, and he hereby assumes all risk of injury which the animals, or either of them, may receive in consequence of any of them being wild, unruly or weak, or of their maiming each other, or

themselves, or in consequence of heat or suffocation or other ill effects of being crowded in the cars, or on account of being injured by the burning of hay, straw or other material used by the person or persons in charge of said stock for feeding or bedding said stock or otherwise; and all risk of escape or robbery of said stock, or loss or damage from any other cause or thing not resulting from the negligence of the agents of the party of the first part, said negligence not to be assumed, but to be proved by the party of the second part." Railway v. Fagan, 72 Texas, 129; Railway v. Maddox, 75 Texas, 307; Railway v. Edwards, 78 Texas, 311; Railway v. Ball, 80 Texas, 603; Railway v. Wynn, 14 S. W. Rep., 311; Railway v. Weiler, 134 Pa. St., 310, reported in 19 Atl. Rep., 702; Boehl v. Railway, 44 Minn., 191; Express Co. v. Seide, 67 Miss., 609; also reported in 7 South. Rep., 547.

KEY, ASSOCIATE JUSTICE.—Appellee sued the Houston and Texas Central and the Austin and Northwestern Railroad Companies to recover damages for injuries to twenty-five head of horses, two tons of hay, one saddle, one bridle, one blanket and one pair of spurs. He alleged in his petition that the defendants were partners; that he delivered the property to the Austin and Northwestern Railroad, at Marble Falls, Texas, for shipment to Willacootchie, Georgia; that while the same was on the line of the Houston and Texas Central Railroad, at or near Manor, Texas, the car containing said property caught on fire from sparks and cinders which appellant negligently permitted to escape from its engine, etc.

Both defendants denied under oath the partnership pleaded by the plaintiff, and, among other things, pleaded a written contract of shipment, and the Austin and Northwestern Railroad Company asked, in the event of a recovery against it, for judgment over against its co-defendant.

The court sustained exceptions to so much of appellant's answer as set up several provisions of the written contract. The case was tried without a jury and judgment rendered for the plaintiff against both defendants for $1645, and protecting the Austin and Northwestern Railroad Company as asked in its pleadings. The Houston and Texas Central Railroad Company has appealed.

The court below filed no conclusions of fact and law, but the judgment rendered involves the following findings of fact, which find support in the evidence and are therefore adopted by this court:

1. Under the written contract attached to the answer of the Houston and Texas Central Railroad Company, the plaintiff shipped fifty head of horses and the other property described in his petition at Marble Falls, Texas, a station on the Austin and Northwestern Railroad. Said contract was made with the Austin and Northwestern Railroad Company, and the Houston and Texas Central Railroad Company was not shown to be a party thereto, as partner or otherwise.

2. At Austin, Texas, said property was delivered, in good condition, by the Austin and Northwestern Railroad Company to the Houston and Texas Central Railroad Company. Near Manor, Texas, while in the cus-

tody of the latter company, and by sparks negligently permitted to escape from its engine, some hay (intended as feed for the horses) in one of the cars containing said shipment, was set on fire, and the plaintiff's horses, etc., injured as alleged, to the extent of the amount recovered.

3.   That the plaintiff and his employes were not shown to have been guilty of contributory negligence.

*Opinion.*—1.   The seventh and ninth paragraphs of the contract under which the property was shipped read as follows:

"Seventh.   And the party of the second part further agrees that, as a condition precedent to his right to recover any damages for any loss or injury to said stock, he, or his agent, the person in charge of said stock, shall give notice in writing of his claim therefor, and the full amount of such loss or damage, to the station agent of the party of the first part at the station hereinbefore named as the end of the line of the party of the first part, before said stock is removed from the station, and before said stock is mingled with other stock, or delivered to any connecting line or railroad."

"Ninth.   It is further expressly agreed by the party of the second part that the other railway lines over which said stock are way-billed in order to reach the destination, having participated in making said through rate of freight, of which the party of the second part has the benefit hereunder, when they receive said stock for transportation under this contract, shall, like the party of the first part, not be responsible for injuries or loss occurring beyond their respective lines of road, and shall be entitled to same notice of loss or damage occurring upon their respective lines as herein provided for party of the first part, to be given to the agent of each railway company at the station ending the run of said stock over such road." .

Appellant pleaded that it had a station agent at Manor named T. H. Barrow, and one at Houston named J. T. Bell, at the time of the accident in question; that Houston was the terminus of its road; that the plaintiff failed to give written notice of the damages to his property to either of said agents, or to any other person representing appellant; and it is urged that under these circumstances the provisions of the contract as above set out are binding on appellee, and defeat his claim for damages.

If the contract in question is not a contract for an inter-state shipment, it is subject to, and controlled by, the second section of chapter 17 of the acts of the Twenty-second Legislature (Gen. Laws, p. 20), which declares void any stipulation in a contract which requires such notice as is now under consideration to be given "at a less period than ninety days."   The same section provides that when such notice is required it shall be presumed that it has been given, unless the want of notice is pleaded under oath.

Construing this statute, this court held, in Texas Telegraph and Telephone Co. v. Seiders, 29 S. W. Rep., 258, that, in the absence of a sworn plea of failure to give notice, it must be conclusively presumed that notice

was given; and, as the Supreme Court refused to grant a writ of error in that case, we presume that court endorses that construction of the statute. Appellant's plea of failure to give notice was not verified, as required by the statute. Besides, if the statute referred to applies to this contract, the contract is void, because it requires the notice to be given "before the stock is removed from the station," etc., whereas, under the statute, a contract, to be valid, must not require notice to be given in less than ninety days.

Tested by the rule announced in Railway v. Sherwood, 84 Texas, 125, we doubt if this should be held to be a contract for inter-state shipment. It not only limits the liability of the company making the contract, and those carrying the freight thereunder, to their own lines, but the obligation to carry is "from the station where this contract is executed to Houston, Texas," and it expressly stipulates, in the eighth paragraph, that the "party of the first part is only to transport said stock to the aforesaid station named at the end of its line on the route over which said stock is to be shipped." It is true that the contract states that the freight is way-billed through and consigned to C. L. Patton, at Willacootchie, Ga., and there is a statement in the eighth paragraph that the company making the contract will protect the through rate of freight "named herein." But it expressly states that the shipment is to be transported, in part, by other carriers, and in no place does it designate or fix a through rate of freight; and appellant did not allege or prove that such rate of freight was agreed upon. In the Sherwood case, it is said in the opinion: "The bill introduced in evidence purports on its face to be a foreign bill of lading. It provides for the transportation by the Missouri Pacific Railway Company of the cotton at the rate of 136 cents per hundred pounds from Greenville, Texas, to Liverpool, England." And again it is said in the opinion: "Does the provision limiting the liability of the company to its own line terminating at Galveston so affect the character of the instrument as to make of it a domestic bill of lading? We think not. The instrument on its face purports to be a through bill of lading. It constitutes, as we view it, an undertaking on the part of the carrier defendant to transport and have transported from Greenville, Texas, to Liverpool, England, the cotton in question. It provides for a rate of freight between these points of 136 cents per hundred pounds. It contemplates a continuous transportation from Greenville, Texas, to Liverpool, England. These are all features of a through contract of shipment."

But if it be conceded that the instrument in question is a foreign bill of lading, evidencing a contract for an inter-state shipment, and therefore not subject to the statute referred to, still the stipulation requiring written notice, as a condition precedent to a right to sue and recover damages, to be valid, must be reasonable; and the burden was upon appellant to allege and prove the facts and circumstances showing that the stipulation was reasonable. Railway v. Harris, 67 Texas, 167; Railway v. Fagan, 72 Texas, 132; Railway v. Greathouse, 82 Texas,

104. Appellant attempted to do this by alleging that it had station agents, giving their names, at Manor, where the accident occurred, and at Houston, the terminus of its road, and that the plaintiff knew that it had such agents. These allegations were insufficient. The contract required the plaintiff not only to give written notice of his claim for damages, but to state therein "the full amount of such loss or damage." The bulk of the property injured was horses. They were injured by fire; none were killed; and, in the very nature of things, it is not probable that the full amount of the "loss or damage" was ascertainable when they reached Houston, and it would be unreasonable to say that the plaintiff should have held them at that station until the full extent of the injury was developed. We therefore hold that the contract bore on its face prima facie evidence, at least, of its unreasonableness, and that nothing short of an affirmative showing by appellant that the full extent of the injury had been developed in time for appellee to have given notice thereof within the time required by the contract would relieve it from this objection. On this subject appellant's answer was silent, and therefore the court properly sustained appellee's exceptions to so much of it as pleaded appellee's failure to give notice of his claim. As a fact, the evidence tends to show that the full extent of the injury to the animals was not disclosed until after they left appellant's road.

Speaking for himself alone, the writer of this opinion concurs in the doubt expressed by Judge Stayton in Railway v. Harris, 67 Texas, 166, as to the validity of stipulations for notice in contracts by carriers, unless the name of the person to whom the notice is to be given is stated in the contract.

2. Appellant not having been deceived as to the character and value of the property it received for shipment, and the injury having resulted from its negligence, the stipulation in the contract fixing the value of the animals at Marble Falls, the place of shipment, as a basis for the measure of damages, was illegal and not binding upon appellee; and the court did not err in allowing proof of value at the point of destination. Railway v. Maddox, 75 Texas, 300; Railway v. Ball, 80 Texas, 603.

3. The same principle applies as to the stipulation for non-liability in case of injury by fire. A common carrier can not contract so as to relieve itself from liability for its own negligence; and, the fire in question having resulted from its negligence, appellant is not protected by the stipulation referred to.

Appellant has pointed out no reversible error, and the judgment will be affirmed.

*Affirmed.*

Delivered June 8, 1895.

Writ of error refused.